IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CATHERINE L. FULTON,

      Plaintiff,

      v.

ADVANTAGE SALES & MARKETING, LLC, et al.,

      Defendants.

No. 3:11-cv-01050-MO

OPINION AND ORDER

**MOSMAN, J.**,

      Plaintiff Catherine L. Fulton moves for leave to amend her complaint [33] pursuant to Federal Rule of Civil Procedure 15. Defendants Advantage Sales & Marketing, Sam Meyer, and Randy Everett (collectively "ASM") oppose the motion [37]. I grant Ms. Fulton's motion for leave to amend [33] for the following reasons.

## BACKGROUND

      On July 27, 2011, Ms. Fulton filed a civil complaint [1-1] in Multnomah County Circuit Court against ASM alleging two claims of employment discrimination under Or. Rev. Stat. § 659A.030. The matter was removed to this court [1] on August 30, 2011. Now, over one year after filing her complaint, Ms. Fulton moves for leave to amend her complaint [33] to add a claim for punitive damages to each state employment discrimination claim. ASM filed an opposition [37] to Ms. Fulton's motion on the grounds of undue delay, prejudice, and futility.

1 – OPINION AND ORDER

# DISCUSSION

Amendments to pleadings to include punitive damages in federal diversity cases are controlled by the federal procedural rules. *Pruett v. Erickson Air-Crane Co.*, 183 F.R.D. 248, 250–52 (D. Or. 1998). Rule 15 "places leave to amend, after a brief period in which a party may amend as of right, within the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The trial court should give leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities. Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Webb*, 655 F.2d at 979 (citation omitted).

There are several factors the court should consider when exercising its discretion to grant leave to amend: (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies by previous amendment; (4) prejudice; and (5) futility of the amendment. *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

## I.    Undue Delay

"Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted). Although Ms. Fulton does not provide an explanation for the delay, I find the delay not sufficiently undue as to justify denial of the amendment. In fact, some delay was unavoidable because Oregon law does not permit a pleading

to contain a claim for punitive damages. Or. Rev. Stat. § 31.725(1). Under Oregon law, a party may add a punitive damages claim only with leave of the court after the pleading has been filed. *Id.* § 31.725(2)–(5). Ms. Fulton complied with the Oregon law requirements and gave "notice of her intent to amend her complaint to assert a claim for punitive damages" in her original complaint. (Compl. [1-1] ¶¶ 23, 29). Further, due to Ms. Fulton's initial notice, ASM knew Ms. Fulton intended to seek punitive damages for over a year.

## II.     Prejudice

ASM argues they will suffer prejudice because ASM "would need to conduct further discovery to understand the bases for her punitive damages claims. With discovery now closed, [ASM] cannot obtain this discovery without making yet another request to reopen discovery." (Def. Opp'n to Pl.'s Mot. for Leave to File Am. Compl. [37] 6). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp.*, 194 F.3d at 986 (citing *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). However, additional discovery here seems unlikely. Since the original filing, ASM has known not only that Ms. Fulton intended to seek punitive damages, but also the facts and legal theory supporting her new claims. Ms. Fulton's new claims for punitive damages rely on the same facts as her original complaint, and both the original and proposed amended complaint allege, "[ASM] acted wilfully [sic] and with reckless disregard for plaintiff's statutorily protected employments rights." (Compl. [1-1] ¶ 16; Proposed Am. Compl. [33-1] ¶ 4.12). Moreover, it is unlikely Ms. Fulton's amendment will further delay the proceedings as the parties have not briefed the merits of any dispositive motions. I find the prejudice not so great as to warrant denial of the amendment.

**III.    Futility**

The oft-cited case for the futility standard, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) states:

> A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Baker v. Pacific Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N. D. Cal. 1978); *see generally* 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

*See also, e.g.*, *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (applying *Miller*'s "no set of facts"); *Wetterman v. Monaco Coach Corp.*, 141 F. Supp. 2d 1263, 1264–65 (D. Or. 2001) (same).

As the *Miller* court notes, the "no set of facts" standard for futility was designed to match the standard for determining the sufficiency of a pleading under Federal Rule of Civil Procedure 12(b)(6). *Miller*, 845 F.2d at 214; *see Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). However, *Conley*'s "no set of facts" standard is no longer the Rule 12(b)(6) standard as it was abrogated by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 561–63 (2007). Under the current standard, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the question becomes whether *Twombly* and *Iqbal*'s effect on the Rule 12(b)(6) standard also impacted the futility standard for motions to amend.

4 – OPINION AND ORDER

I find the futility standard for leave to amend a complaint is no longer guided by "no set of facts," but instead by the "plausibility" standard required by *Twombly* and *Iqbal*. This holding is consistent with the long-standing rule that the same standard should be used to determine futility and the sufficiency of the pleading. As a practical matter, applying the plausibility standard to assess futility and a Rule 12(b)(6) motion to dismiss prevents the inefficiencies that occur when different standards are applied. If the "no set of facts" standard for futility were to remain in use a party seeking leave to amend could be granted leave even if the party had failed to state a plausible claim to relief. As a result, the opposing party could immediately file and prevail on a Rule 12(b)(6) motion to dismiss as the amended complaint would fail to pass the plausibility standard.

The Ninth Circuit recently noted the test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6). The court in *Nordyke v. King* stated, "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012). "Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Id.* (quoting *Miller*, 845 F.2d at 214).

Here, applying the standard from *Twombly* and *Iqbal*, I find Ms. Fulton's amendment not futile. A claim for punitive damages under Oregon law is recoverable when it is proven by clear and convincing evidence that a party acted "with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." Or. Rev. Stat. § 31.730(1). "The prerequisite for

5 – OPINION AND ORDER

imposition of punitive damages is a degree of culpability greater than inattention or simple negligence." *Badger v. Paulson Inv. Co.*, 311 Or. 14, 28, 803 P.2d 1178, 1186 (Or. 1991). "The Oregon Supreme Court has clarified that 'malice' means 'nothing more than a wrongful act done intentionally without just cause or excuse.'" *Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1029 (D. Or. 2008) (quoting *Friendship Auto Sales, Inc. v. Bank of Willamette Valley*, 300 Or. 522, 535, 716 P.2d 715, 722 (Or. 1986)). Construing the facts in the proposed amended complaint in the light most favorable to Ms. Fulton, it is plausible a jury could find ASM acted with the necessary culpability to award punitive damages.

## CONCLUSION

For the foregoing reasons, I GRANT Ms. Fulton's motion for leave to amend [33].

IT IS SO ORDERED.

DATED this __18th__ day of October, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge